**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darius Walker, Appellant.

Appellate Case No. 2017-002559

———————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-052
Submitted January 1, 2020 – Filed February 19, 2020

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, for Respondent.

———————

**PER CURIAM:** Darius Walker appeals his convictions and consecutive sentences of thirty-six years' imprisonment for first degree burglary, five years' imprisonment for grand larceny with a value of more than $2000 but less than $10,000, and thirty days' imprisonment for possession of a stolen vehicle. On

appeal, Walker argues the trial court abused its discretion by refusing to admit a letter written by Walker's co-defendant when the co-defendant's letter was properly authenticated, admissible as an out of court statement against interest, and was evidence of third party guilt. Because Walker attempted to authenticate the letter only by authenticating the signature, did not produce any evidence to show the body of the letter was written by his co-defendant, and did not provide a witness who saw the co-defendant write or sign the letter, the trial court did not abuse its discretion as the letter was not properly authenticated and was, therefore, inadmissible. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); *State v. Brown*, 424 S.C. 479, 488, 818 S.E.2d 735, 740 (2018) ("It is black letter law that evidence must be authenticated or identified in order to be admissible."); *Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 64-65, 773 S.E.2d 607, 610 (Ct. App. 2015) ("'[T]he burden to authenticate . . . is not high' and requires only that the proponent 'offer[ ] a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" (alterations in original) (quoting *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014))).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.